IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MAURICIO AGUILERA (02),

       Defendant/Petitioner.

Case No. 15-cr-40040-02-DDC

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Mauricio Aguilera's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 80). The government responded to Mr. Aguilera's motion with a Motion to Enforce Collateral-Attack Waiver Provision in Plea Agreement and to Dismiss Mr. Aguilera's Motion to Vacate Sentence (Doc. 85). After considering the evidence and the parties' submissions, the court denies Mr. Aguilera's motion and grants the government's motion. The court explains why below.

**I.     Background**

Mr. Aguilera was charged with conspiring to possess with the intent to distribute 2,721.6 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Docs. 54, 85 at 1). Mr. Aguilera pleaded guilty as part of a plea agreement with the government (Docs. 54, 85 at 1–2). That agreement contained a provision requiring Mr. Aguilera to waive his right to appeal, collaterally attack, or challenge his sentence in any way. This provision explicitly included actions brought under 28 U.S.C. § 2255 (Docs. 54, 85 at 2). The waiver explicitly excluded appellate or post-conviction challenges based on ineffective assistance of counsel or prosecutorial misconduct claims (Docs. 54, 85 at 2).

Mr. Aguilera's presentence report found a total offense level of 27 (Docs. 60, 85 at 2). The offense level was adjusted because Mr. Aguilera qualified for the safety valve under the United States Sentencing Commission's Guidelines and his acceptance of responsibility (Docs. 60, 85 at 3). The presentence report calculated Mr. Aguilera's criminal history category as I (Docs. 60, 85 at 3). The sentencing guidelines called for a range of 70 to 87 months' imprisonment (Docs. 60, 85 at 3). Ultimately, the court sentenced Mr. Aguilera to 70 months in prison (Docs. 62, 85 at 4).

Mr. Aguilera filed a timely Motion to Vacate Under 28 U.S.C. § 2255 on October 3, 2016 (Docs. 80 at 4, 85 at 4–5). He relies on Amendment 794 to the Sentencing Guidelines, which allows, in relevant part, for a "defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks" to be "considered for an adjustment under [the] guideline" (Doc. 85 at 3–4). U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 cmt. n.3(C) (U.S. SENTENCING COMM'N 2016). Mr. Aguilera also argues that he played only a minor role in transporting and delivering the methamphetamine (Doc. 80 at 4). He argues the court imposed an "[u]nconstitutional sentence" because it did not give him a minor role sentencing adjustment (Doc. 80 at 4).

The government responds by arguing that Mr. Aguilera's Motion is barred because he waived his right to collaterally attack his sentence in his written plea agreement with the government (Docs. 54, 85 at 2). The government also argues that Mr. Aguilera's waiver is enforceable under a Tenth Circuit test to determine the enforceability of collateral attack waivers. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The government moves the court to enforce the collateral attack waiver and dismiss Mr. Aguilera's Motion. The court addresses the waiver issue in the section below.

2

**II.     Motion to Vacate Under 28 U.S.C. § 2255**

The following three sections address whether Mr. Aguilera has waived the right to collaterally attack his sentence under 28 U.S.C. § 2255 by knowingly and voluntarily entering a guilty plea. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

A. *Hahn* Standard

The Tenth Circuit addressed the enforceability of collateral attack waivers in *United States v. Hahn*. *Id.* at 1325–28. Under its test, courts must determine whether a defendant's appeal or collateral attack falls within the scope of the waiver, whether the defendant knowingly and voluntarily waived his appellate rights, and whether enforcing that waiver would produce a miscarriage of justice. *Id.* at 1325. Here, the court concludes that Mr. Aguilera waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 in his written plea agreement and that the court properly can enforce this waiver.

1. Scope

Under *Hahn*, courts must consider, first, whether the appeal "falls within the scope of the appellate waiver." *Id.* at 1325. Courts are required to "'strictly construe'" any waivers in a defendant's plea agreement and resolve any ambiguities in favor of a defendant's appellate rights. *Id.* (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)).

Here, Mr. Aguilera's appeal under 28 U.S.C. § 2255 falls directly within the scope of the collateral attack waiver in his written plea agreement (Doc. 54). Mr. Aguilera waived his right to challenge or collaterally attack his sentence in any manner, including a challenge brought under the statute he cites as grounds for his motion (Doc. 54). *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (determining that collateral attacks include challenges under 28 U.S.C. § 2255, "that complain about the substance of, or proceedings that determined, a

3

defendant's original sentence"). Mr. Aguilera argues that the court gave him an unconstitutional sentence by not recognizing that he played only a minor role in transporting and delivering the methamphetamine he admitted he possessed (Doc. 80 at 4). But, Mr. Aguilera's plea agreement required him to waive his right to appeal, collaterally attack, or challenge his sentence in any way, including by motions made under 28 U.S.C. § 2255 (Docs. 54, 85 at 2). Even when strictly construed, the language of the plea agreement prohibits Mr. Aguilera from challenging or collaterally attacking his sentence in this manner. The court thus concludes that Mr. Aguilera's appeal falls within the scope of the collateral attack waiver in his plea agreement.

    2. Knowing and Voluntary

The *Hahn* test also requires courts to determine whether a defendant "knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325–26. Courts must look to the plea agreement's language and to whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* at 1325.

Mr. Aguilera's plea agreement and plea hearing demonstrate his knowing and voluntary waiver of his appellate rights. Mr. Aguilera's plea agreement provides that he "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution," including his sentence (Doc. 54 at 8). Mr. Aguilera's plea agreement also states that he "enter[ed] his guilty plea freely, voluntarily, and knowingly" (Doc. 54 at 10). During Mr. Aguilera's plea hearing, he stated under oath that he wished to plead guilty and understood the rights he was forfeiting by pleading guilty (Doc. 57 at 28–29, 31–34). The court found that Mr. Aguilera was mentally competent, understood the charge and potential maximum penalties, and entered his plea knowingly and voluntarily (Doc. 57 at 13, 22–23, 42–43). The language of the

4

plea agreement and plea colloquy at the plea hearing establish that Mr. Aguilera knowingly and voluntarily waived his right to appeal.

      3.  Miscarriage of Justice

The Tenth Circuit has identified several "components" courts should consider to determine whether enforcing a plea agreement will result in a miscarriage of justice. *Hahn*, 359 F.3d at 1327. Such exceptions include whether a court "relied on an impermissible factor such as race"; whether ineffective assistance of counsel rendered the appellate waiver invalid; whether the sentence "exceed[ed] the statutory maximum"; or whether the waiver is "otherwise unlawful." *Id.* An appellate waiver is unlawful if it "'seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings.'" *Id.* Courts must look to "whether the waiver itself is unlawful because of some procedural error or because no waiver is possible," not to the lawfulness of the sentence. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). At least one of these exceptions must apply for an appellate waiver to result in a miscarriage of justice. *Id.*

Here, Mr. Aguilera presents no argument that the court relied on race or other impermissible factors, or that ineffective assistance of counsel during plea agreement negotiations rendered his agreement invalid. Also, Mr. Aguilera's 70-month custody sentence did not exceed the maximum statutory sentence, which the statute and Mr. Aguilera's presentence report identify as a life sentence (Doc. 60). *See also* 21 U.S.C. § 841(b)(1)(A). Mr. Aguilera's appellate waiver is not unlawful because it does not seriously affect the fairness, integrity, or public reputation of the judicial system. The court thus concludes that no procedural or other error barred Mr. Aguilera's appellate waiver and that the waiver will not result in a miscarriage of justice.

Mr. Aguilera cannot challenge his sentence under the 2015 revisions to the United States Sentencing Commission's Guidelines Manual because he knowingly and voluntarily waived his right to collaterally attack his sentence. The court thus denies his Motion.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). While this standard does not require a petitioner to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336.

Mr. Aguilera has not made a substantial showing of the denial of a constitutional right. In summary, he makes no colorable argument that his sentence is erroneous. And, Mr. Aguilera agreed as part of his bargain with the United States not to appeal or collaterally attack his sentence. The court thus declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Aguilera's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 80) is denied.

**IT IS FURTHER ORDERED THAT** the government's Motion to Enforce Collateral-Attack Waiver Provision in Plea Agreement (Doc. 85) is granted.

**IT IS SO ORDERED.**

**Dated this 7th day of April, 2017, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
